Mr. RAWLE, *pro quer*.  Mr. J. B. M'KEAN, *pro def*.

---

RICHARD FENN lessee of JARED INGERSOLL and JOHN F. HOUSTON *against* JOHN D. BLANCHARD.

Court are confined to the facts found in a special verdict, and will render judgment on it, if it be substantially good though inartificially worded.

EJECTMENT of a house and lot in the city of Philadelphia.

The cause was tried at the sittings in November last, when the jury found a verdict as follows :

" We find for the plaintiff, with six cents damages and six cents costs, provided the court deems the deed of settlement of the 9th June 1788, a good and valid act, which deed the jury find in her *verba*; but say, that they are not agreed whether there was a contract before marriage."

This deed was made between Walter Stewart of one part and Blair M'Clenachan and Alexander Nesbit of the other part whereby, the said Walter in consideration of his desire to make a future

provision, and secure a maintenance for Deborah his wife, and for the support of his children born or thereafter to be born, did assign to the said Blair and Alexander 23,326*l*. 12*s*. 4½*d*. in Pennsylvania certificates, (describing the sums and numbers of each and every certificate,) in trust to permit and allow him the said Walter, to receive the interest due and payable on the said certificates during the term of his natural life, and after his decease to hold the same for the use of his said wife Deborah, and the children of him the said Walter, who might be living, or in *ventre sa mere* at the time of his death, in such sort, manner and form, as was expressed in his last will, dated 7th October 1787, or as might be directed by any other will, thereafter to be executed of and concerning the said certificates, and to and for no other use, intent or purpose whatsoever.

The great controversy at the trial, on which the plaintiff's title rested, was, whether General Stewart, at the time of making the assignment for the use of his wife and children, had a clear estate after making this provision, beyond the payment of his debts, or whether he was then in embarrassed circumstances. And it was sworn at the trial, that previous to his marriage, it was agreed, that he should settle a considerable property on his wife, part of 40,000*l*. which he received from Mr. M'Clenachan, her father.

The Pennsylvania certificates were afterwards exchanged for other funded debt, and finally converted into cash, with which the premises and other real property were purchased, and vested in trustees.

On the 28th December last, a motion was made by the defendant's counsel, for a rule to show cause why a new trial should not be granted ; but the same was denied by the court, who stated that it appeared clearly on the trial, that General Stewart had a clear estate, at the time of his settlement on the 9th June, 1788.

The plaintiff's counsel now prayed judgment on the verdicts. The validity of the deed of settlement, was the only matter in question, and that must be be judged of *ex visceribus suis*. It was no longer a doubt whether such limitations over of personal property, were not held good.

The whole verdict taken together, amounts to a legal finding for the plaintiff. If there is surplusage therein, it may be disregarded, provided the issue is found. Verdict for the whole issue and more, is good. *Utile per inutile non vitiatur*. Co. Lit. 227. *a*. A jury may unquestionably find either a general, or special verdict. If they distrust themselves on a particular point, they need only submit their doubts to the court. Though in ejectment, no title be found for the

defendant, but he is as a mere stranger, yet the court in a special verdict, will never doubt but of that only, whereof the jurors have conceived a doubt. 5 Co. 97. *a.* Resol. 4. On a special verdict in ejectment, if the jury submit a particular point to the court, they will intend every thing that is necessary to their giving judgment. Cro. Car. 21, 22. A verdict finding only as to one half of the lands in question, and nothing as to the other half, was held amendable. 1 Dall. 134.

. For the defendant, it was said, that the court would not presume, that the assignment was good. Every special verdict should be found in the alternative; and the defect thereof cannot be supplied. Here the finding is partial and imperfect.

By the court. This verdict is substantially good, though inartificially worded by the jury. It only finds for the plaintiff, if the deed of settlement was legal and good. Judging on the words of it, we can have no difficulty about it; and if we could be allowed to travel out of the words of it, we had no doubts at the trial, that it was executed when General Stewart had a clear estate, and that it was good as to his subsequent creditors. But in this stage of the cause, the law forbids all such inquires, and we are confined to the facts found.

Judgment for the plaintiff.

Messrs. Ingersoll, Lewis, Dallas and W. Tilghman, *pro quer.*
Messrs. E. Tilghman, Rawle, M. Levy and Moylan, *pro def.*