# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

## Wallingford *versus* Dunlap.

A special verdict should find the facts on which the court is to pronounce judgment. If the court state to the jury certain facts as *undisputed*, and direct a special verdict as to disputed facts, and the jury so return a verdict, it is error. The undisputed facts should be incorporated into the special verdict.

ERROR to the District Court of *Allegheny*.

This was an action on the case, brought by John Dunlap against Wallingford and others, for injuries alleged to have been done by defendants to two houses of the plaintiff, in Pittsburg, by undermining and otherwise injuring the same. The defendants in preparing a foundation for a house, which they were about to erect on ground adjoining, had ground alongside or near plaintiff's house dug away, and it was alleged that this was done without taking proper precautions, and that the houses of plaintiff were injured.

After the evidence was closed, LOWRIE, J., charged the jury.

He stated that the counsel have raised several points of law, which might possibly not arise at all, if the facts of the case were settled. That it was agreed that a special verdict be found on the disputed facts, and that the court shall enter such judgment there-

on, and on the facts not disputed, as the law requires.   He stated
to the jury certain *undisputed* facts, and referred other alleged
facts to the consideration of the jury, and directed them, that " If
you should find that the plaintiff's wall was not built of proper
materials, or in a workmanlike manner, and that it sunk from its
own inherent defects, or that the plan adopted for the preservation
of the wall was the result of the joint consultation of the plaintiff
and defendants, or was in pursuance of the advice and direction
of the plaintiff, and that the plan was carefully and skilfully exe-
cuted, even though by a different plan the wall might have been
saved; in either of these cases, you will find for the defendants.
If on both of these points you should find for the plaintiff, then
you will say what damages the plaintiff has sustained," &c.

The jury returned a negative answer to the first two questions
submitted, assessed damages in favor of the plaintiff for $433.75,
and further found other facts.

A motion for a new trial was made, but judgment was entered
for the plaintiff for the damages found by the jury.

It was assigned for error, that the court erred in entering judg-
ment in favor of the plaintiff on the special verdict, for various
reasons assigned.

The case was argued by *Thomas Williams*, with whom was
*Kuhn*, for plaintiffs in error.

*McCandless* for defendant in error.

The opinion of the court was delivered Sept. 9, by

COULTER, J.—The judgment in the court below is founded partly
on facts found by a special verdict, and partly on what the court
say are undisputed facts.   The court enumerates to the jury what
are the undisputed facts, and directs them to find a special verdict
on the disputed facts.   The court say to the jury, " It is therefore
agreed that you shall find a special verdict on the disputed facts,
and that the court shall enter such judgment thereon, and on the
facts not disputed, as the law requires."   The paper book states
that the jury returned negative answers to the two first points
submitted to them, and then found specially, as to the disputed
facts.

This proceeding is entirely anomalous.   It is unknown, and
unrecognised by the common law, or by the practice under the
statute of Westminster the 2d, 13 Edw. 1, ch. 30, which in fact
originated the special verdict, as it now exists.   There did exist
another species of special verdict, as where the jury returned a
general verdict for the plaintiff, subject, nevertheless, to the opinion
of the court, on a special case, stated by the counsel, on both sides,
on a matter of law: 3 *Black.* 378.   But this proceeding has gone

[Wallington *v.* Dunlap.]

out of practice, perhaps never existed in Pennsylvania, and is nothing like the present case. A special verdict is where the jury find the facts of the case, leaving the ultimate decision of the cause *upon those facts*, to the court, concluding conditionally, that if upon the whole matter thus found, the court should be of opinion that the plaintiff had a good cause of action, they then find for the plaintiff, and assess his damages; if otherwise, then for the defendant: 3 *Black* 378; *Boote on Suit at Law*, 158. It is of the very essence of a special verdict that the jury should find the facts, on which the court is to pronounce judgment according to law; 1 *East* 111; Lord Raymond 1581. And the court will not intend any thing, especially any fact not found by the jury; 1 *Wilson* 55; 1 *Caine* 60; 20 *Johns. Rep.* 294. An instance of which is found in 11 *Wheaton* 445, where the assent of an executor is necessary, if the jury find a special verdict stating facts from which they might have inferred such assent, but do not find it expressly, the court cannot intend it. I apprehend there is no reported case, of any authority, where the court have gone beyond the facts found in the special verdict; for it is the province of the jury to judge of and find the facts, and the province of the court to declare the law on the facts so found. The undisputed facts ought to have been incorporated into the special verdict. : And if they had omitted them by mistake, the court might upon motion and full evidence, have amended the special verdict: *Strange* 514; 4 *Watts.* 259. But the court is confined to the facts found by the special verdict: 2 *Yeates* 543; 3 *Yeates* 373. And when a special verdict is given, the court ought to confine its judgment to that verdict.

As to what the jury intended by a negative answer to the two first points submitted to them, it is not permitted us to intend what they meant, as they have not expressly found. Nor can we predicate our judgment partly upon what the court below say were undisputed facts, and partly on the facts found.

The special verdict is defective. We have no power to amend it. It is the duty of the plaintiff's counsel to have the special verdict properly drawn up, settled and entered on the record: 1 *Johns. Cases* 393; *Coleman's Cases* 107. If the facts are reduced to writing at the time of the trial, and have the assent of the jury, the verdict may be moulded into form afterwards, with the approbation of the court.

But this special verdict is so defective and erroneous, and the judgment so anomalous in being entered partly on the verdict and partly on what are called undisputed facts, that we must do what has often been done before, reverse the judgment and send the case back for a new trial. If a special verdict is defective or uncertain, and cannot be amended, judgment ought not to be entered upon it. And when it is entered, the judgment must be reversed

[Wallington *v.* Dunlap.]

as erroneous: *Lord Ray'd* 1584; *Strange* 887–1124; 6 *Cranch* 268; 1 *East* 111.

Judgment reversed and *venire de novo* awarded.