## Pittsburgh, Fort Wayne and Chicago Railroad Co. *versus* Evans.

1. It is essential to a special verdict that it contain all the facts upon which the judgment of the court is to rest. Nothing is to be taken by implication or intendment; whatever is not found in it is supposed not to exist.

2. In an action against a railroad company for injuries to the plaintiff whilst crossing the road, the jury did not find that he was crossing on his lawful business. *Held*, that there was not sufficient in the finding on which to enter judgment, for unless he was a traveller he was unlawfully on the track of the road.

3. It is not sufficient that the special verdict found that there was negligence in the railroad company, unless it was found that the plaintiff was lawfully on the road, and not guilty of negligence.

4. The court, in charging on the question of negligence, did not say what negligence would and what would not make the party liable. *Held*, that this was error.

5. In railroad cases special verdicts are better than to leave to the jury the application of the law to the facts; the whole question of negligence should not be committed to the jury.

6. A year after judgment was entered on a verdict the court allowed an amendment in the name of the defendants to be made. *Held*, that such amendment was not within the Acts of Assembly.

ERROR to the Court of Common Pleas of *Allegheny county.*

In the court below, this was an action on the case, brought December 9th 1863, by George W. Evans against The Pittsburgh, Fort Wayne and Chicago Railroad Company, for injury to himself, wagon, &c., whilst crossing the defendants' railroad in Allegheny City.

In the fall of 1862, the plaintiff, a butcher in Allegheny City, going to market about 4 o'clock in the morning, in crossing the defendants' railroad, was struck by one of their locomotive engines which was passing, his wagon broken, and himself much injured.

The defendants submitted the following points:—

1. If the plaintiff, by the use of ordinary care, could have avoided the injury, even if the defendants had been guilty of the want of ordinary care, still he is not entitled to recover.

2. It is incumbent upon the plaintiff to show affirmatively to the jury in this case, that he used all necessary care on the morning of the accident to avoid the injury, and that failing so to do he is not entitled to recover.

3. Whenever the relative position and levels of a cross-road and railroad will permit, it is the duty, and common prudence and ordinary care require of every person having control of a vehicle about to cross the track, to look up and down the railroad before passing upon or over it.

4. When the position and grades of a cross-road and railroad track are such, that the person controlling a vehicle about to cross the latter, can see an approaching train a sufficient distance

to enable him to stop his vehicle before reaching the track, it is his duty, and he is required in the exercise of ordinary care and common prudence, to look along the line of the railroad in both directions, and himself stop to prevent a collision, and if he omits to do so, he can recover no damages for any consequences that may result to him therefrom.

The court (Mellon, A. J.) charged:—

" There is danger in such case, that upon the rendition of a general verdict, the jury may not carefully and without prejudice consider and determine correctly the material controverted facts. It is with the facts the jury has to deal, and in rendering a general verdict, a vague idea of right or justice sometimes carries the mind away from facts which ought to determine the result. This is the more likely to mislead where a party of wealth or power, such as a railroad corporation, is concerned.

" It is not every kind of negligence which will render a party liable for consequent injuries. The law is pretty well settled, and has clearly defined the extent of negligence which is regarded culpable, and for which a party is answerable in damages; and also that degree of contributing negligence on the part of the injured party which prevents him from recovering damages, notwithstanding culpable negligence in the other party.

" In regard to the case under consideration, as the controverted facts have been clearly brought out and the contest has been carried on in regard to them, and the finding in regard to them may determine the case, I have noted them in such manner that you may find them specially, and they may be considered in the nature of a special verdict. If you do so, and assess the damages which the plaintiff would be entitled to, in case the court should be of opinion upon the special verdict the plaintiff ought to recover, it will afford a safer mode of doing justice between the parties than a general verdict, as it will set forth the facts of the case in a manner that they can be considered by this court, and afterwards by the Supreme Court, and the law applied with far greater certainty than under a general verdict. This will obviate the necessity of any special instructions to you in regard to the points of law which the learned counsel for the parties have submitted."

March 15th 1865. The jury rendered the following verdict:—

" 1. Defendants' employees, at the time of the accident to plaintiff, were running the engine at a proper rate of speed.

" 2. That they had not a sufficient head-light on the engine.

" 3. That they were ringing the engine-bell, and said bell was a suitable bell for the purpose.

" 4. That the defendants had no flagman at this crossing at the time ; and it was their duty to have a flagman there at the time and under the circumstances.

[Pittsburgh, Fort Wayne and Chicago Railroad Co. *v.* Evans.]

" 5. That he, the plaintiff, knew of this railroad crossing, and did, when approaching it, stop his vehicle, and look out and listen for the locomotive or approaching train.

" 6. That plaintiff passed on to the railroad track, exercising the care that a prudent man would exercise under similar circumstances.

" 7. We assess the damages sustained by the plaintiff at $5500 ; and being ourselves unadvised as to the law, if the court is of opinion that upon the facts so found the law is with the plaintiff, then, and in that case, we find for the plaintiff the amount of damages above assessed ; and if the court is of opinion, on the facts found as aforesaid, the plaintiff is not entitled to recover, then we find for the defendants." On June 27th 1865, judgment was entered on the verdict.

On the 24th of March 1866 this affidavit was made :—

" Thomas M. Marshall, attorney for plaintiff, being duly sworn, doth depose and say that he instituted the above action against defendants, not being aware that a change had been made in the name of the company, *but during the trial discovered the change.*

" Affiant further says, that the suit was defended and tried upon its merits by the Pittsburgh, Fort Wayne and Chicago Railway Company:" the amendment was allowed, July 14th 1866.

The errors assigned were : the refusal of the court to answer the defendants' points ; the charge, and entering judgment on the special verdict : also submitting to the jury the form of a special verdict.

*J. H. Hampton,* for plaintiffs in error.—The verdict does not present the material facts of the case : Wallingford *v.* Dunlap, 2 Harris 31. The court will not intend any fact not found : Ingersoll *v.* Blanchard, 2 Yeates 543 ; Witham *v.* Lewis, 1 Wilson 55 ; 1 Craine 60 ; 20 Johns. R. 294 ; Bird *v.* Appleton, 1 East 111 ; Rex *v.* Huggins, Ld. Raym. 1581 ; Wood *v.* McGuire, 17 Geo.; Berks Co. *v.* Pile, 6 Harris 497 ; Crousillat *v.* Ball, 3 Yeates 375 ; 2 Hawk. 47 ; Jones *v.* State, 2 Swan. 399 ; Thayer *v.* Soc. U. Breth., 8 Harris 60 ; Commonwealth *v.* Dooly, 6 Gray 360 ; Lawrence *v.* Beaubien, 2 Bailey 623 ; Tunnell *v.* Watson, 2 Munf. 283 ; Blake *v.* Davis, 20 Ohio 231. The verdict is inconclusive : Beach *v.* Parmenter, 11 Harris 197 ; McCully *v.* Clarke, 4 Wright 399 ; Reeves *v.* Del., Lack. & West. Railroad Co., 6 Casey 454 ; Pa. Railroad Co. *v.* Ogier, 11 Id. 71 ; Beatty *v.* Gilmore, 4 Harris• 468 ; Oakland Railway *v.* Fielding, 12 Wright 320 ; Hawkins *v.* Cooper, 8 C. & P. 473 ; Hull *v.* Dayrell, 8 Law T: Q. B. 338 ; Armsworth *v.* The South Eastern Railway Co., 11 Jur. 758, Parke ; Williams *v.* Holland, 10 Bing. 114 (E. C. L. R. 25) ; Pa. Railroad Co. *v.* Henderson, 7 Wright

452; Ward v. Stevenson, 3 Harris 21; Bellef. & Ind. Railroad Co. v. Schroughart, 10 Ohio St. R. 118; Cleve. & Tol. Railroad Co. v. Johnson, Id. 591. As to the amendment: Horbach v. Knox, 6 Barr 377; Acts of May 4th 1852, § 2, Pamph. L. 574; April 12th 1858, § 1, Pamph. L. 243, Purd. 47, pl. 3-4; 2 Saund. P. & E. pt. 2, 1194; Brashier v. Jackson, 6 M. & W. 594.

The judgment should be reversed, because:—

1. The court erred in preparing and submitting to the jury the form of a special verdict, which did not meet all the issues in the case, and thereby withdrawing from their consideration pertinent facts which they should have passed upon.

2. In an action of this kind, involving questions of negligence and of contributing negligence, the jury should have passed on all the evidence and found a general verdict.

3. The court refused to answer the points submitted, and failed in the charge to point out distinctly the relative rights and duties of the parties under the peculiar circumstances of the case.

4. The court erred in entering judgment on the special verdict.

5. An amendment was allowed by the court nearly a year after judgment on the verdict, by which a new party was brought upon the record, and the original defendant stricken from it.

*T. M. Marshall*, for defendant in error, cited Morse v. Chase, 4 Watts 456; Wallingford v. Dunlap, 2 Harris 33; Fenn v. Blanchard, 2 Yeates 543; Act of May 4th 1852, § 2, Pamph. L. 574, Purd. 47, pl. 3.

The opinion of the court was delivered, January 7th 1867, by

WOODWARD, C. J.—The leading of the jury to adopt a special verdict was well, for there is no more satisfactory mode of deciding causes than upon special verdicts. But it is essential to a special verdict that it contain all the facts upon which the judgment of the court is to rest. Nothing is to be taken by implication or intendment where there is a special verdict; but whatever is not found in it is supposed not to exist. This is the doctrine of the cases cited in the argument.

The case in hand illustrates the propriety of the rule. The plaintiff, a butcher, residing in the suburbs of Allegheny City, sues the railroad company for an injury he sustained from a locomotive passing along their road, at the moment he was about to cross it on his way to the Pittsburgh market-house; but the special verdict fails to find that the plaintiff was travelling along a public street in pursuit of his lawful business, and was compelled to cross the railroad to reach his point of destination. For aught that appears in the special verdict, he was unnecessarily upon the railroad—may have been there wantonly and for mischievous purposes. The only account it gives of the plaintiff's presence

there is, that he knew of the crossing and stopped, and looked, and listened for the locomotive, and that he passed on to the track, exercising the care which a prudent man would exercise in similar circumstances.

Now, unless he was a traveller, he had no right to be on the track of the road. But all the facts to show that he was lawfully there are omitted from the special verdict. Yet these facts must be the basis of a judgment in his favor, and if their absence from the special verdict be excused on the ground that they were undisputed facts, just such was the excuse unsuccessfully urged in Wallingford *v.* Dunlap, 2 Harris 31.

Again, the special verdict finds that the defendants were running their engine at a proper rate of speed, and were ringing the engine-bell, which was a suitable bell for the purpose. Then it established that the defendants were in the lawful use of their railroad, whilst it is not found that the plaintiff was lawfully upon it. How could a court render judgment for the plaintiff and against the defendant upon such a finding?

But it is also found that the defendants had not a sufficient head-light, and had no flagman at the crossing, as it was their duty to have. Out of this an inference of negligence might arise for the jury to find—but they did not find it, and even if they had, the court could not have rendered judgment for the plaintiff without his satisfying the jury that he was lawfully upon the road, and guilty of no negligence; for it is a settled principle with us, that a plaintiff cannot recover damages for an injury that results from a concurrence of his own negligence with that of the defendant. We think there was error in rendering a judgment for the plaintiff upon such a special verdict.

And there was error also in the instructions upon the point of negligence. The fault here was more of omission than of commission. It was the duty of the judge under the points submitted, to instruct the jury fully and plainly upon the law of negligence, and he undertook to do so; but we cannot see that he gave them any rule whatever. He said, very truly, that it is not every kind of negligence which will render a party liable for consequent injury; but he failed to say what kind of negligence would and what would not render a party liable.

Negligence is generally a mixed question of law and fact, and what renders special verdicts so proper in these railroad cases is, that if they ascertain all·the material facts, the undisputed as well as the disputed, the question of negligence then becomes exclusively a question of law, and may be dealt with accordingly. This is a much better way of trying causes than to leave to the jury the application of the law to·the facts, for out of this grows the practice of some judges of wholly committing the question of negligence to the jury. However, as the court undertook to

[Pittsburgh, Fort Wayne and Chicago Railroad Co. *v.* Evans.]

instruct the jury upon the law of negligence in this case, and they decided that a sufficient head-light and a flagman were wanting, hereby showing that they meant to pass upon the subject of negligence, the instructions should have been more full,—to this effect :—That the plaintiff had a right to pass along the street and cross the railroad in pursuit of his usual avocations; that on approaching the railroad it was his duty to look and listen for an approaching locomotive, and if he saw or heard one coming to get himself out of the reach of it; that he had no right to stop upon the railroad, nor so near it as to be struck by the locomotive or the train ; that if he might have heard or seen the train approaching, or if he saw it and mistook the track it was upon, it was negligence in him not to exercise his senses correctly and place himself out of danger. That it was the right of the defendants to run locomotives upon their road at the speed that is usual in cities and towns; that in approaching grade-crossings they were bound to give signals by a bell, a whistle, a head-light or a flagman, or such other device as would be sufficient to give people of ordinary prudence notice of their approach, and that any neglect of these duties on the part of either party would be culpable negligence, and if the accident resulted from such negligence on the part of both parties, neither could recover against the other. But if it happened wholly in consequence of the negligence of the defendant, and without the concurrence of negligence on part of the plaintiff, he would be entitled to recover damages.

That we may be understood, we repeat that if the court mean the jury shall report the bare facts of the case, they are not bound to give such instructions even though called on to do so, for the time for their opinion will come when they enter judgment on the verdict; but if, instead of leaving to the jury the mere ascertainment of facts and damages, they undertake to instruct them upon the law of negligence, nothing short of something to the above effect would seem to us to be an adequate presentation of this case.

As to the amendment that was allowed, we do not think it within the terms of the Act of Assembly ; but we see nothing upon the record to satisfy us that the " *railroad*" and the " *railway*" companies were different corporations, and hence we conclude the court found them to be the same corporation, and only corrected a very unimportant misnomer, and in that we see no error.

      The judgment is reversed, and a *venire facias de novo* is awarded.