# Coughenour *versus* Suhre.

1. A note was payable in one day; evidence was inadmissible that the agreement at its execution was that it was to be payable at a later time.

2. Evidence that part of the terms of an agreement was left out of the writing by fraud or mistake, or that matters independent of the writing were left unprovided for by it, is admissible.

3. In a joint action against two, there cannot be a recovery against one.

[Coughenour *v.* Suhre.]

May 15th 1872.    Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Somerset county:* Of May Term 1872, No. 63.

This was an action commenced before a justice of the peace by Cornelius Suhre against Levi Coughenour and Isaac Coughenour, and brought into the Court of Common Pleas by appeal on the 22d of April 1871.

In the Common Pleas the plaintiff declared against the defendants *jointly* on the following note:—

"$47.85.                    "North Hampton T. P., Penna., December 30th 1870.

I acknowledge to owe and stand indebted to Cornelius Suhre order $47.85 for value rec'd. Payable as follows one day after date and in consideration of the credit given I waive the rites to the benefit of all Laws Exempting Property Real or Personal from levie or sale upon execution. Witness our hands and seals the day and year above written.    LEVI COUGHENOUR. [SEAL]."
                                      I. S. COUGHENOUR. [SEAL].

On the trial, February 27th 1872, before Hall, P. J., after the plaintiff had given the note in evidence, the defendant Levi testified that he bought some goods for which he could not then pay; that plaintiff wanted a note with surety, which defendant declined to give, and the plaintiff then accepted the note given in evidence.

The defendant then offered to prove that the note was not to be payable until defendant "got the money from the bridges."

The plaintiff objected that the offer "is a contradiction of the note under seal, which is the evidence made by the parties of what the contract was and must not be contradicted."

The offer was rejected, and a bill of exceptions sealed.

He further testified that he did not authorize the plaintiff to ask Isaac Coughenour to become his surety.

Isaac testified that the plaintiff told him that Levi had sent him to ask him to become his surety, and that he would not have executed the note but for the representation that Levi wished him to do it.

The court charged:—

* * * "The defendant's counsel have submitted a point in writing in which they ask us to charge you that if you believe that the name of Isaac Coughenour was obtained to the note by misrepresentation, then the plaintiff cannot recover against either of the defendants in this suit.

"But we cannot so instruct you. If Levi signed the note and owes the money on it, your verdict ought to be against him. If Isaac was induced to sign by a falsehood, he cannot be held.

"It seems from the argument of counsel and the testimony of Levi, that he was and is abundantly able to pay his debts, and we

21 P. F. SMITH—30

[Coughenour *v.* Suhre.]

are at a loss to understand why the plaintiff took the trouble to practise a misrepresentation upon Isaac; but if the evidence satisfies you he did do so, you can protect Isaac from all responsibility by finding your verdict against Levi alone."

The verdict was against Levi Coughenour only, for $52.13.

The rejection of the defendant's offer of evidence and the charge of the court were assigned for error, on the removal of the record to the Supreme Court by Levi Coughenour.

*A. H. Coffroth,* for plaintiff in error.—The offer was not in contradiction of the note, but to prove an arrangement to extend the time of payment; this was legitimate: Miller *v.* Fichthorne, 7 Casey 260; Chalfant *v.* Williams, 11 Id. 215; Starkie's Ev. part 4, 1009; Bank *v.* Fordyce, 9 Barr 275; Rearich *v.* Swinehart, 1 Jones 238; Barnhart *v.* Riddle, 5 Casey 96; Musselman *v.* Stoner, 7 Id. 270.

The action and declaration were joint; there could not be a verdict against one : Schoneman *v.* Fegely, 7 Barr 433; Corbet *v.* Evans, 1 Casey 311; Rowan *v.* Rowan, 5 Id. 181; Locke *v.* Daugherty, 7 Wright 88; Swanzey *v.* Parker, 14 Id. 441.

*Baer & Baer,* for defendants in error.

The opinion of the court was delivered, May 23d 1872, by

AGNEW, J.—The offer rejected by the court was to prove " that the note was not to be payable until defendant got the money from the bridge." The objection was that the terms of the note could not be contradicted. The note was in express terms payable at a stipulated time. The offer was therefore clearly incompetent without showing fraud or mistake, or that there was a subsequent agreement made on a sufficient consideration. The deficiencies in a written agreement which may be supplied by parol evidence are not such as contradict or vary the express terms of the writing. The latter can be shown only under an offer to prove fraud or mistake at the time of the execution of the writing. The deficiencies spoken of in some of the cases are those only which are independent of the writing, and arise from the fact that the parties did not put all of their agreement in writing, but left parts of their arrangement unprovided for by it; and are also not inconsistent with the terms of the writing. We think the court committed no error in rejecting the offer in the form it was presented. The cases are collected in Martin *v.* Berens, 17 P. F. Smith 462.

But we think the court erred in permitting a recovery against one defendant in a joint action against two. Swanzey *v.* Parker, 14 Wright 441, and the other cases cited, plainly show this. There is no Act of Assembly known to us which changes this familiar common-law rule. All the acts relate to the common-law

[Coughenour *v.* Suhre.]

bar of a judgment against one joint promissor, obligor or partner, and the discharge of sureties and partners by reason of death. A judgment against one is no longer a bar against others, and the death of a party does not discharge his estate. But the legislature has not declared that when a joint contract is declared upon and proved, you can take a judgment against less than the whole number. The defence here went to the contract itself to destroy its joint character, and not to something personal to the surety, such as infancy or insanity.

Judgment reversed, and a *venire facias de novo* awarded.