## Burgess, Appellant, *v.* Sherman.

*Assumpsit—Contract—Verdict.*

In an action of assumpsit against several persons on a contract, the verdict must be against all of the defendants or none.

Argued Jan. 14, 1892.   Appeal, No. 1, Jan. T., 1892, by Edward C. Burgess, plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1890, No. 139, on verdict for Eugene C. Sherman, Frank Dundore, David S. W. Delaplaine, George E. Lockwood and Henry S. Echert, defendants.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on a contract.

The facts appear in the charge of the court by ARNOLD, J., which was as follows :

" This case is brought on a claim by Mr. Burgess to recover $9,000, the balance of a sum of $10,000, which he says was to be paid to him out of the first sales of the stock of a certain corporation to be organized for the purposes of selling his patent steam generator ; also, on a claim for salary.   The claim for salary was released by him in writing, and the only question, therefore, remaining is about the $9,000 which he is suing for, being the amount he claims out of the proceeds of sale of stock.

" It appears that the company did sell $10,684 worth of stock, and applied the larger part of that amount, $6,250, towards the obtaining of a charter.   They also gave $1,000 of that amount to Mr. Burgess through Mr. Deming, and the balance to Mr. Deming and to other parties, sums for expenses, which is not explained here, but which it is presumed were legitimate expenses.

" Now, before the company was chartered, Dundore, Delaplaine and Mr. Eckert went out of the company, and they could not go out and avoid the responsibility, except with the knowledge and consent of the plaintiff ; [and his consent and knowledge is shown by the fact that they made him their attorney ; or, rather, Dundore, Delaplaine and Eckert sold out to Sherman, and Sherman then made Mr. Burgess his attorney by a power of attorney, which showed that he was owner of four

fifths.] [1]  In other words, Burgess had knowledge of the fact that Dundore, Delaplaine and Eckert were out of it, and, therefore, [it was not in their power to direct the payment of the money of the company.  They were entirely out.  Mr. Sherman says that, at his request, these gentlemen did go out, and, therefore, there can be no verdict against Delaplaine, Dundore and Eckert;] [2] and [this being an action on a contract, the verdict must be against all the defendants or none.] [3]

" The fact that these three are exempt in this suit will, of course, make it necessary that your verdict should be for the defendants.

" [But there is a reason, both in law and in equity, why Mr. Sherman should not be liable.  This company, it seems, did not succeed.  Now, for the purpose of making a success of it by reorganizing it, there was some 30,000 shares put into the hands of a trustee to sell for the purpose of paying this very money.  They were never sold, however, and nothing was ever realized from the sale of them ;] [4] and [there is another paper shown in evidence here—an undated paper—which authorized the payment of $8,000 of the proceeds of stock for the purpose of organizing the company ;] [5] but what was done by Mr. Sutphen seems to have been done by him regularly, by common consent, properly and honestly.

" Now, [as there was not enough money to pay for the charter, and to pay Mr. Burgess also, and Mr. Burgess consented to the charter being paid for, I do not see that he has any claim, either in law or in equity, against Mr. Sherman.] [6] [Your verdict, therefore, should be for the defendant.] " [8]

Verdict and judgment for defendants.  Plaintiff appealed.

*Errors assigned* were (1–8) the portions of the charge, as above, quoting them.

*J. Martin Rommel, James M. West* with him, for appellant.

*G. Heide Norris, A. D. Wiler* with him, for appellees.

PER CURIAM, January 25, 1892.

—We cannot sustain any of the specifications of error.  It is very clear that no verdict could have been rendered against defendants Dundore, Delaplaine and Eckert, and this being an action on a contract the verdict must necessarily be against all the defendants or none.

Judgment affirmed.