# Franklin Paper Company *v.* Gorman, Appellant.

*Principal and agent—Undisclosed principal—Liability of agent —Affidavit of defense—Insufficiency.*

In an action of assumpsit for goods sold and delivered an affidavit of defense is insufficient which avers that the defendant was the agent or representative of the "Charter Party," and that the goods were sold on the faith and credit of said "Charter Party."

Where the affidavit of defense did not define the status of the said "Charter Party" as a legal entity authorized to make contracts, or allege that the defendant made known to the plaintiff that he was acting as an agent, he must be held individually responsible.

When the committee of a political party, or an officer of that committee, goes to a merchant and orders goods to be delivered at the party headquarters, the merchant is not required, in order to recover the value of the goods, to bring suit against all the members of the party, or even against all the members of the committee. The officers, or a committee, or any number of members of such party have no right to contract debts which will be valid against every member of the party, or of the committee, from the mere fact that he is a member of the party, or of the committee. But those who make a contract, not forbidden by law, are personally liable, and all are included in such liability who assented to the undertaking.

Argued November 15, 1920. Appeal, No. 144, Oct. T., 1920, by defendant, from judgment of C. P. No. 3, Phila. County, Dec. T., 1919, No. 6337, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Franklin Paper Company, a corporation, v. Frank J. Gorman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts.are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Jacob Weinstein,* and with him *Thomas F. Gain* and *Albert H. Coggins,* for appellant.—The affidavit of defense was sufficient: 16 Cyc. 869; Monongahela City v. Monongahela Electric Co., 12 C. C. 529; Third Ward Election Case, 5 Northampton 193; Wilmoth v. Hensel, 151 Pa. 200; Independence Party Nomination, 208 Pa. 108; Supper v. Strauss, 39 Pa. Superior Ct. 393; Pain et al. v. Sample, 158 Pa. 428; Csizik v. The Benefit Association, 60 Pa. Superior Ct. 466.

*C. W. Van Artsdalen,* for appellee, cited: Hutton v. McLaughlin, 1 Pa. Superior Ct. 642; DeCou Bros. Co. v. Englander, 39 Pa. Superior Ct. 243; 31 Cyc. 1189; 31 Cyc. 1206.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff filed a statement, in this action of assumpsit, averring that it had sold and delivered to the defendant certain goods, at prices stated. The defendant filed an affidavit of defense averring, among other things, that: "Defendant herein, as an agent or representative of the Charter Party, ordered certain goods and merchandise in the amount of $382.50 of the plaintiff, which were sold and delivered to the Charter Party at its headquarters, No. 213 South Broad street, Philadelphia, and were sold on the faith and credit of said Charter Party." The plaintiff took a rule for judgment for want of a sufficient affidavit of defense for the value of the goods, $382.50, which the defendant thus

admitted in his affidavit that he had ordered. The court made that rule absolute, and entered judgment for the amount stated. The defendant here assigns that action of the court below for error.

The defendant did not in his affidavit attempt to explain the meaning of the term "Charter Party." The affidavit not having alleged that the "Charter Party" was a corporation, the members of which were not individually liable for the debts of the organization, we must assume that it was an unincorporated organization or association, but it cannot, from the affidavit, be ascertained whether it was a religious society, a social club, a political party, or a partnership engaged in some business undertaking. There is nothing in the affidavit from which it could be inferred that the "Charter Party" was a legal entity which could enter into any contract, or authorize an agent to do so, or which had any standing to sue or be sued: McConnell v. The Bank, 146 Pa. 79. The allegation of the affidavit that the goods "were sold and delivered to the Charter Party," is a conclusion of law, without stating the facts upon which that conclusion is founded. The affidavit is further defective in that it does not allege that the appellant made known to the plaintiff that he (defendant) was acting as an agent in the purchase of the goods. One who seeks to escape liability for goods which he purchases upon the ground that in making the purchase he is acting merely as an agent for others, must disclose the name of the person, or the names of the persons, who are to become legally liable to pay for the property. This affidavit does not disclose who really ought to pay for the goods which this defendant ordered, and the judgment might properly be affirmed upon that ground alone.

The defendant has, in his paper-book, stated that certain citizens of Philadelphia, deeming political conditions to be such as to require the formation of a new political party, had, in September, 1919, preëmpted the

party name of "Charter Party" and subsequently duly nominated candidates to be voted for at the approaching municipal election, in November, 1919, among them this appellant, who became the candidate of the party for the office of county commissioner, and that at the election in November the said party polled 18,124 votes. He further states that, during the campaign, the appellant "was commissioned to secure for the use of the party one hundred and eighty thousand envelopes, he having in charge that branch of the campaign which involved publicity and the distribution of the envelopes in question, that the envelopes were supplied by the appellee and were applied for the purposes of the Charter Party." This is, of course, altogether outside of the affidavit but let it be assumed to be true. The allegations do not constitute the "Charter Party" a beneficial organization, which pays death or funeral benefits, and no member of which, under the provisions of the Act of April 28, 1876, P. L. 53, is individually liable for the debts of the organization: Wolfe v. Limestone Council, 233 Pa. 357. The members of unincorporated associations, other than those within the provisions of the Act of 1876, are individually liable for the debts of the organization which they contract, or authorize: Maisch v. Order of Americus, 223 Pa. 200. Any combination of electors, with sufficient coherence and organization to have acted together for a common purpose, and sufficient strength to have polled two per centum of the highest vote at the next preceding election, is a political party, within the statutes relating to the right to put nominations on the ballot by certificate: Independence Party Nomination, 208 Pa. 108. The right secured by those statutes is a political one. But those statutes do not constitute such a political party a corporation, nor an association, the members of which are not individually liable for the debts which they themselves contract, or personally authorize. When the committee of a political party, or an officer of that committee, goes to a merchant and

orders goods to be delivered at the party headquarters, the merchant is not required, in order to recover the value of his goods, to bring suit against all the members of the party, nor even against all the members of the committee. If he is required to sue all the members of the party, would it be all who held that political faith, or all that voted the party ticket at the ensuing election? Voluntary associations, for social, political or charitable purposes, and the like, are not partnerships, nor have their members the powers and responsibilities of partners. The officers, or a committee, or any number of members of such a party have no right to contract debts which will be valid against every member of the party, or of the committee, from the mere fact that he is a member of the party, or of the committee. But those who make a contract, not forbidden by law, are personally liable, and all are included in such liability who assented to the undertaking. "But they cannot complain if the plaintiff fails to include every one in the action who is liable, or fails to discover proof against every one included": Ash v. Guie, 97 Pa. 493. The affidavit of defense in this case clearly established that the defendant was liable, and it failed to disclose that any other person was liable.

The judgment is affirmed.