## Dunlap Printing Co., Appellant, *v.* Ryan et al.

*Practice, C. P.—Parties—Joint and several—Discontinuance as to one party—Amendment of pleadings—Judgment against the others—Failure to hear plaintiff's testimony—Unincorporated association—Joint liability—Act of March 11, 1876, P. L. 6.*

1. Where suit is brought against a number of defendants jointly plaintiff may discontinue as to one, amend his pleadings, and proceed against the remaining parties jointly.

2. It is error for the court at the trial to dismiss a suit and enter judgment for defendant, before plaintiff has had an opportunity to introduce all of his evidence.

3. In an action against five members of a political campaign committee to recover for printing, where plaintiffs at the trial enter a discontinuance as to one defendant, and the case is continued, it is reversible error for the court, at the next trial, to dismiss the suit and enter judgment for defendants, before plaintiff has an opportunity to present any evidence whatever.

4. In such case, the liability of the defendants may be joint or several, or it may be partly joint and partly several, depending on how the goods were purchased from plaintiff, or on defendants' subsequent refusal or ratification of purchases not directly made by themselves but by one of their number.

5. The members of unincorporated associations, other than those within the provisions of the Act of March 11, 1876, P. L. 6, are individually liable for the debts of the organization which they contract, or authorize, but not otherwise.

6. Defendants cannot complain if plaintiff fails to include every one in the action who is liable or fails to discover proof against every one included.

Argued October 6, 1922.    Appeal, No. 30, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1916, No. 3933, for defendants, in case of Dunlap Printing Co. v. Michael J. Ryan et al.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Reversed.

Assumpsit for printing, etc.    Before PATTERSON, P. J. The opinion of the Supreme Court states the facts.

Case dismissed and judgment for defendants. Plaintiffs appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Abraham Israel,* with him *David Wallerstein,* for appellant.—There was no release of Green: Burke v. Noble, 48 Pa. 168; Shock v. Miller, 10 Pa. 401; Greenwald v. Kaster, 86 Pa. 45; Gregg v. Hilsen, 12 Phila. 348; Gibson v. Gibson, 20 Pa. 9; Lowry v. McMillan, 8 Pa. 157.

The liability of defendants is not joint: Ash v. Guie, 97 Pa. 493; Franklin Paper Co. v. Gorman, 76 Pa. Superior Ct. 276; Eichbaum v. Irons, 6 W. & S. 67.

Plaintiff was not obliged to proceed against all defendants: Ash v. Guie, 97 Pa. 493; Franklin Paper Co. v. Gorman, 76 Pa. Superior Ct. 276.

*James Francis Ryan,* with him *James Gay Gordon,* for appellee.—A discontinuance of the suit as to one of a number of joint defendants is a discontinuance as to all: Murtland v. Floyd, 153 Pa. 99; Burgess v. Sherman, 147 Pa. 254; Hibberd v. Hubbard, 211 Pa. 331; Coughenour v. Suhre, 71 Pa. 462; Donnelly v. Graham, 77 Pa. 274; Loew v. Stocker, 61 Pa. 347; United States v. Lynn, 42 U. S. 109.

The liability of the original defendants is joint or there can be no recovery in the present suit: Phila. v. Reeves, 48 Pa. 472; Morrison v. Surety Co., 224 Pa. 41; Covert v. McCarthy, 65 Pa. Superior Ct. 548; Fawcett v. Fell, 77 Pa. 308.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:
Plaintiff brought an action of assumpsit against Michael J. Ryan, Daniel Wade, Thomas Reilly, Daniel G. Murphy and John J. Green as an unincorporated association operating under the name of "Ryan Campaign Committee" to recover the amount alleged to be

due for printing and stationery furnished the committee. When the case came on for trial, plaintiff, with leave of court, entered a discontinuance as to the defendant Green, and the case was continued. When reached for trial a second time, the jury was sworn against the four remaining defendants, and thereupon, before plaintiff opened its case, defendants' counsel moved the court to dismiss the suit and to render judgment for defendants on the ground that the discontinuance entered as to Green operated as a release and discharge of the four other defendants. Without giving plaintiff opportunity to present its proofs, the trial judge granted the motion to dismiss and entered judgment for defendants, from which judgment plaintiff has appealed, urging that there was no legal warrant for the court's action.

The manner of procedure here followed might be a speedy way to dispose of litigation, but it is without authority in law. The methods available to a defendant to get rid of a suit brought against him without full trial are by an affidavit of defense by way of demurrer, by motion for nonsuit at the close of plaintiff's evidence, or by a point for binding instructions when the proofs on both sides are closed, and possibly by a demand for an offer from plaintiff covering his entire case at the beginning of the trial and a ruling thereon, but even in this day, when there is a somewhat insistent demand for greater celerity in court proceedings, no such short cut to disposition of a case without giving plaintiff opportunity to offer his proofs, can be sanctioned. Even under defendants' own theory that the action was joint and that a discontinuance as to one defendant worked a discharge as to the others, a proper determination could not be reached until the reason for the discontinuance was known. It might well be that the name of the defendant as to whom the discontinuance was granted was brought into the action by mistake. Where a suit is brought against a number of defendants jointly there is nothing to prevent the plaintiff from discon-

tinuing as to one, amending his pleadings and proceeding against the remaining parties jointly. By his writ and first pleading, he does not fix his status as to the defendants, beyond recall.

In Montelius v. Montelius, 209 Pa. 541, where it appeared that on trial defendant made an offer which, if fulfilled, would have prevented binding instructions for plaintiff, and the court, without ruling on the offer, said, "All offers will be considered as proven," and immediately directed a verdict for plaintiff, we held the verdict and judgment must be set aside. In the case at bar, appellant was not even permitted to make an offer. Neither a nonsuit nor a direction of a verdict for the defendant nor a demurrer to evidence is proper before the plaintiff has closed his case: Abbott's Civil Jury Trials (3d ed.) 598. Bastian v. Phila., 180 Pa. 227, in principle rules the case in hand; there when plaintiff had not completed his testimony and without waiting for him to further testify or offer additional evidence and rest his case, the trial judge of his own motion ordered a nonsuit. Speaking of this procedure, we said: "This action of the court was wholly unwarranted......Meager as the testimony is, on account of the unwarranted action of the learned judge in summarily terminating the trial before the plaintiff had either time or opportunity of developing his case, there is quite enough in it to carry the case to the jury." In reversing the judgment and remitting the record, we did so "for the purpose of a full and fair trial." Abbotts Alderney Dairies v. Phila. Rapid Transit Co., 62 Pa. Superior Ct. 343, bears on the question we are considering. In that case, the driver of the wagon which had been in collision with defendant's car was called as the first witness for plaintiff. At the conclusion of his evidence, which was given in a somewhat obscure manner, a second witness was called, whereupon the court ruled that it would not hear any further testimony because, on the evidence of the driver, the case showed contributory negligence and a nonsuit was en-

tered. In reversing the judgment, the Superior Court said: "The nonsuit could only be entered after the plaintiff had had an opportunity to introduce its evidence and it had then appeared that this was not such evidence as in law is sufficient to maintain the action. The first section of the Act of March 11, 1875, P. L. 6, clearly implies that the plaintiff shall be first heard through his witnesses before a nonsuit for lack of evidence is granted. Under any other application of the statute, plaintiff might be thrown out of court when he had testimony available with which to make out a prima facie case." If a nonsuit cannot be entered against a plaintiff until after he has had an opportunity to introduce all his evidence, for much stronger reason a judgment cannot be.

But is such an action as that here brought, one against individuals comprising an unincorporated association, joint? To sustain their position that it is, defendants rely on the cases of Murtland v. Floyd, 153 Pa. 99; Burgess v. Sherman, 147 Pa. 254; Hibberd v. Hubbard, 211 Pa. 331; Coughenour v. Suhre, 71 Pa. 462; Donnelly v. Graham, 77 Pa. 274; and Loew v. Stocker, 61 Pa. 347. None of these was an action against the defendants as members of an unincorporated association. In Murtland v. Floyd, the action was against the defendants as partners; in Burgess v. Sherman as joint contractors; in Hibbard v. Hubbard as surviving partners and successors in a partnership; in Coughenour v. Suhre on a joint note; in Donnelly v. Graham as partners; and in Loew v. Stocker on a joint bond.

In Ash v. Guie, 97 Pa. 493, an action against more than a hundred persons, members of a masonic lodge, for money loaned for the construction of a building, the difference in responsibility between partners and members of an unincorporated association was pointed out, as was also the difference in liability among members of the association between themselves and that it was not a joint liability under all circumstances. In the course of the opinion, it was said (p. 500) : "Those who engaged in the

enterprise are liable for the debts they contracted, and all are included in such liability who assented to the undertaking, or subsequently ratified it. Those who participated in the erection of the building, by voting for and advising it, are bound the same as the committee who had it in charge. And so with reference to borrowing money. A member who subsequently approved the erection or borrowing could be held on the ground of ratification of the agent's acts. We are of opinion that it was error to rule that all the members were liable as partners in their relation to third persons in the same manner as individuals associated for the purpose of carrying on a trade......[p. 502] It is difficult to conceive of a meritorious defense in those who actually got the money, some of whom signed the certificate, and others actively participated in the giving of it. They have a legal right to refuse payment until judgment be recovered according to law. But they cannot complain *if the plaintiff fails to include every one in the action who is liable* or fails to discover proof against every one included. In the nature of the case, it is difficult for the plaintiff to determine in advance the precise individuals who are liable, though he be sure of some of them, and the court below has not been, and will not likely be, slow to allow necessary amendments, authorized by the statute."

In deciding a case very close to the one in hand on its facts (Franklin Paper Co. v. Gorman, 76 Pa. Superior Ct. 276), Judge PORTER, speaking for the Superior Court, said: "The members of unincorporated associations, other than those within the provisions of the Act of 1876, are *individually* liable for the debts of the organization which they contract, or authorize......When the committee of a political party, or an officer of that committee, goes to a merchant and orders goods to be delivered at the party headquarters, the merchant is not required, in order to recover the value of the goods, to bring suit against all the members of the party, or even against all

the members of the committee......Voluntary associations, for social, political or charitable purposes, and the like, are not partnerships, nor have their members the powers and responsibilities of partners. The officers, or a committee, or any number of members of such a party, have no right to contract debts which will be valid against every member of the party, or of the committee. But those who make a contract, not forbidden by law, are personally liable, and all are included in such liability who assent to the undertaking."

In an action such as this, the liability of the defendants may be joint or several or it may be partly joint and partly several, depending upon how the goods were purchased from the plaintiff or upon defendants' subsequent refusal or ratification of purchases not directly made by themselves but by one of their number. From what has been said, it follows that the judgment entered by the court below was wrong.

The judgment is reversed with a new venire.