## Louis A. Irwin, Inc., v. McCullough et al.

*J. Andrew Frantz*, for plaintiff; *Guy K. Bard*, for defendants.

LANDIS, P. J., Dec. 31, 1927.—This suit was brought by the plaintiff against the defendants upon a promissory note, which reads as follows:

"$920.00.                                  Harrisburg, Pa., May 13, 1924.
"Three months after date we promise to pay to the order of Office Service Co., .................. at the Mechanics Trust Company, Harrisburg, Pa., Nine Hundred Twenty ...........xx/100 Dollars, without defalcation, for value received.
                          "Democratic State Committee,
"Endorsed:                        A. E. McCULLOUGH, Chairman.
    Office Service Co., Inc.,        E. M. MILEY, Sec't'y.
    M. P. Hinkle, Sec.-Treas."

It is averred that at maturity the note was presented by the plaintiff for payment and demand was made upon the defendants, but that payment was refused. The affidavit of defense filed by the defendants alleges that they are not liable because they acted as agents within the scope of their authority, revealing their authority, and that the plaintiff must look to their principal for the money; that neither of the defendants was a member of the Democratic State Committee, but that they were elected chairman and secretary,

respectively, as the agents of the Democratic State Committee. The second proposition cannot be considered at this time, as the supposed defect does not appear in the record, and only for a defect shown in the statement can a decree be entered under an affidavit raising a question of law.

Are, then, the defendants liable personally on the above-recited note? I do not think that this question is doubtful. In Franklin Paper Co. *v.* Gorman, 76 Pa. Superior Ct. 276, it appeared that the defendant, for a political organization called The Charter Party, ordered a number of envelopes from the plaintiff. It was contended that the defendant was not personally responsible, and that the plaintiff must look to the organization for payment. Porter, J., among other things, said: "Any combination of electors, with sufficient coherence and organization to have acted together for a common purpose, and sufficient strength to have polled 2 per centum of the highest vote at the next preceding election, is a political party within the statutes relating to the right to put nominations on the ballot by certificate. . . . But those statutes do not constitute such a political party a corporation, nor an association, the members of which are not individually liable for the debts which they themselves contract or personally authorize. When the committee of a political party, or an officer of that committee, goes to a merchant and orders goods to be delivered at the party headquarters, the merchant is not required, in order to recover the value of his goods, to bring suit against all the members of the party, nor even against all the members of the committee: If he is required to sue all the members of the party, would it be all who held that political faith, or all that voted the party ticket at the ensuing election? Voluntary associations for social, political or charitable purposes, and the like, are not partnerships, nor have their members the powers and responsibilities of partners. The officers or a committee, or any number of members of such a party, have no right to contract debts which will be valid against every member of the party or of the committee from the mere fact that he is a member of the party or of the committee. But those who make a contract not forbidden by law are personally liable, and all are included in such liability who assented to the undertaking. But they cannot complain if the plaintiff fails to include every one in the action who is liable, or fails to discover proof against every one included: Ashe *v.* Guie, 97 Pa. 493." Again, in Dunlap Printing Co. *v.* Ryan, 275 Pa. 556, the action was brought against the defendants as an unincorporated association, under the name of the "Ryan Campaign Committee." It was held that "the members of unincorporated associations, other than those within the provisions of the Act of April 28, 1876, P. L. 53, are individually liable for the debts of the organization which they contract or authorize, but not otherwise." In Wilmoth *v.* Hensel, 151 Pa. 200, a point was submitted and refused, which read: "The offer of reward was made by the defendant in his representative capacity, as chairman of the committee, and he is not individually liable, and the verdict should be for the defendant." The answer was assigned for error, but while that point was not discussed in the opinion of the Supreme Court, the case was affirmed. I do not think the case of Markley *v.* Quay, 8 W. N. C. 145, is the rule of law in Pennsylvania at this day.

The affidavit of defense raising a question of law must, therefore, be overruled, and the question is decided against the defendants, and the defendants are ordered to file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days of the filing of this opinion.

Affidavit of defense overruled.

From George Ross Eshleman, Lancaster, Pa.