## Louis A. Irwin, Inc., v. McCullough et al.

*J. Andrew Frantz,* for plaintiff; *Guy K. Bard,* for defendant.

LANDIS, P. J., Jan. 19, 1929.—This case was once before presented to us on an affidavit of defense raising a question of law [11 D. & C. 11]. We decided that question in favor of the plaintiff. It is now to be considered on a rule for judgment for want of a sufficient affidavit of defense.

According to the plaintiff's statement, the claim is based upon a promissory note, which reads as follows:

"$920.00                    Harrisburg, Pa., May 13, 1924.
    "Three months after date we promise to pay to the order of Office Service Co., at the Mechanics Trust Company, Harrisburg, Pa., Nine Hundred Twenty xx/100 Dollars, without defalcation, for value received.

"Democratic State Committee,
                    A. E. McCullough, Chairman.
                    E. M. Miley, Sec't'y."

It was asserted that the defendants, at the time the said promissory note was executed, were acting as chairman and secretary, respectively, of the Democratic State Committee, an unincorporated association. It is not claimed that the amount of the note has ever been paid.

In the affidavit of defense they admit that they were acting as chairman and secretary, respectively, of the Democratic State Committee, an unincorporated committee, when they gave the above note. They allege, however, that they were chosen or elected by the Democratic State Committee to represent said committee, and were authorized by said committee to make contracts, incur obligations and execute promissory notes like the note described by plaintiff, on behalf of said committee; that the said Democratic State Committee was the duly organized, authorized and sole governing body of the Democratic Party, a political party of the State of Pennsylvania; that the Democratic State Committee, described in said note, was then composed of the following members, all of them residents of Pennsylvania (here follow, in the affidavit of defense, the names of 112 persons residing in all parts of this State). It was averred that the defendants were not members of the Democratic State Committee at the time the note was executed. It was also claimed that such party was a legal political party, in conformity with the acts of assembly; that the Democratic State Committee is a definite body or entity; and that the members of this committee should be the real defendants, and not the present defendants, as the note was given by McCullough and Miley as agents, upon the authority of the Democratic State Committee.

If this was a new or novel question, we might at some length discuss it. We have, however, already done so in an opinion filed Dec. 31, 1927 [11 D. & C. 11]. The affidavit of defense asserts no facts which were not then considered. The case of Franklin Paper Co. v. Gorman, 76 Pa. Superior Ct. 276, fully covers the present one. It was there held that the members of an unincorporated association, other than those within the provisions of the Act of April 28, 1876, P. L. 53, are individually liable for the debts of the organization which they contract or authorize. Nor is the plaintiff bound to sue all of the members of the organization nor all of the members of a committee. Those who contract the debt or give their obligation for it must pay it, and if any contributions are to be made, the burden falls on those people to collect from their fellows. In Dunlap Printing Co. v. Ryan, 275 Pa. 556, it is said: "In an action against five members of a political campaign committee to recover for printing, where plaintiffs at the trial enter a discontinuance as to one defendant and the case is continued, it is reversible error for the court, at the next trial, to dismiss the suit and enter judgment for defendants. . . . In such case, the liability of the defendants may be joint or several, or it may be partly joint and partly several, depending on how the goods were purchased from plaintiff, or on defendants' subsequent refusal or ratification of purchases not directly made by themselves, but by one of their number. . . . The defendants cannot complain if plaintiff fails to include every one in the action who is liable, or fails to discover proof against every one included." Here, the printing was presumably ordered by the defendants, or ratified by them, for they gave their promissory note for the amount of the bill. See, also, Kurie v. Dodson Day School, 9 D. & C. 451.

The rule is now made absolute and judgment is entered in favor of the plaintiff and against the defendants for the sum of $920, with interest from Aug. 13, 1924, making $1164.72. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.