Irwin *v.* McCullough et al., Appellants.

Argued November 13, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*C. C. Smith,* and with him *Roland Morris* of *Duane, Morris & Heckscher,* and *Guy K. Bard,* for appellant.

*J. Andrew Frantz,* and with him *Carl B. Shelley,* for appellee.

Opinion by Trexler, J., January 29, 1930:

This suit was brought upon a promissory note which reads as follows: "Harrisburg, Pa., May 13, 1924, three months after date we promise to pay to the order of Office Service Co. ...... at the Mechanics Trust Company, Harrisburg, Pa., nine hundred twenty and no/100 dollars, without defalcation for value received. Democratic State Committee, A. E. McCullough, Chairman, E. M. Miley, Secretary." The action is against McCullough and Miley individually. The affidavit of defense filed by the defendants alleges that they are not liable because they acted as agents within the scope of

their authority, and that the plaintiff must look to the principals for the money, that neither of the defendants are members of the Democratic State Committee; that they were elected chairman and secretary thereof, merely as agents of the committee. The question is whether or not the defendants are personally liable on the above note.

In Franklin Paper Company v. Gorman, 76 Pa. Superior Ct. 276, Gorman ordered a number of envelopes for a political organization called "The Charter Party" and the same question was raised as to his personal liability. Our present president judge took occasion to say that "Any combination of electors, with sufficient coherence and organization to have acted together for a common purpose, and sufficient strength to have polled two per centum of the highest vote at the next preceding election, is a political party within the statutes relating to the right to put nominations on the ballot by certificate ...... But those statutes do not constitute such a political party a corporation, nor an association, the members of which are not individually liable for the debts which they themselves contract, or personally authorize. When the committee of a political party, or an officer of that committee goes to a merchant and orders goods to be delivered at the party headquarters, the merchant is not required, in order to recover the value of his goods, to bring suit against all the members of the party, nor even against all the members of the committee. If he is required to sue all the members of the party, would it be all who held that political faith, or all that voted the party ticket at the ensuing election? Voluntary associations for social, political or charitable purposes, and the like, are not partnerships, nor have their members the powers and responsibilities of partners. The officers or a committee, or any number of members of such a party, have no right to contract debts which will be

valid against every member of the party of the committee from the mere fact that he is a member of the party or of the committee. But those who make a contract not forbidden by law are personally liable, and all are included in such liability who assented to the undertaking. But they cannot complain if the plaintiff fails to include every one in the action who is liable, or fails to discover proof against every one included: Ashe v. Guie, 97 Pa. 493.''

Had the defendants been members of the State Committee, there would be no question as to their liability. If it had been disclosed to the plaintiff on his receiving the note that they were not members, it may well be argued that they would not be liable as the party receiving the note would have known the exact condition of affairs and would be compelled to look for recovery to the members of the State Committee. When we examine the allegations in this regard in defendants' affidavit, we find ''at the time of the execution and delivery of said note that plaintiff was informed and knew the names of John K. Royal, N. Front Street, Harrisburg, and Dr. G. W. Hartman, 801 N. 3rd Street, Harrisburg, members of said Democratic State Committee for whom defendants were acting as agents in the execution and delivery of said note. Defendants were not members of said committee.'' The defendants are supposed to state their defense as strongly as they can.

It will be noted that the above sentence avoids the direct statement that the defendants informed the plaintiff that they were acting as agents in the execution and delivery of the said note. Neither does it state that the information was given to the payee of the note that the defendants were not members of the State Committee. The rule that where the principal is disclosed, the agent is not liable if authorized, does not apply to the present situation. The defendants

who signed the note, on the face of it, were acting for the unincorporated association. As its chairman and secretary, they were joined in the common enterprise and made no disclosure that they were not personally liable, but the whole transaction bore out the conclusion that they were part of the Democratic State Committee. After having assumed that position, they cannot now deny it. They gave this obligation on behalf of the unincorporated association and if any contributions are to be made, they must collect from their fellows. The printing bill for which the note was given as the lower court remarks, "was presumably ratified by them, for they gave their promissory note for the amount."

The judgment of the lower court is affirmed.