Plaintiff filed this bill in equity against the Republican Central Campaign Committee, an unincorporated political committee, composed of a member or members from each ward of the City of Philadelphia, and against James M. Hazlett, President of the Committee, John J. McKinley, Jr., its treasurer, Harry C. Davis, executive director, Robert L. Davis, assistant executive director, Samuel W. Salus, member, individually "and on behalf of other members thereof." The purpose of the bill was to secure a decree against the defendants for $4,104.32, with interest, claimed to be due to plaintiff for labor and materials furnished on the individual order of defendants or on their authorization and "against the officers of the unincorporated committee defendant for payment from funds now or hereafter in its treasury." The bill did not ask a decree against all the members of the committee as individuals, for the obvious reason that the evidence to be produced would not justify such a decree. The chancellor made an award in plaintiff's favor against Harry C. Davis for $2,805.32, Robert L. Davis for $1,107 and James M. Hazlett for $192. None of these individuals has appealed. As to the Republican Central Campaign Committee the bill was dismissed.
As before stated, there was no evidence which would warrant an award against all the individuals composing the Republican Central Campaign Committee; this being *Page 355 
so it is somewhat difficult to see how a decree could go out levying upon its treasury, it not being a beneficial association: Franklin Paper Co. v. Corman, 76 Pa. Super. 276; Maisch v. Order of Americus, 223 Pa. 199. It was not proven that its members as an organization incurred the indebtedness sought to be recovered or ratified the act of any one in bringing it about. The testimony is all the other way.
All the materials and labor claimed for by plaintiff were furnished for two primary campaigns in which there were separate and distinct campaign committees functioning. One of these was known as the Hadley-Campbell Campaign Committee, organized to secure the nomination of the former for city treasurer and the latter for register of wills, the other, designated as the Brown-Davis Campaign Committee, sought to nominate the former for Governor and the latter for United States Senator. It was in aid of these organizations that plaintiff supplied his labor and goods.
While it is true the chancellor found that the two Davises and Hazlett, who were executive officers of the Republican Central Campaign Committee, each gave separate orders to plaintiff, he determined that the Republican Central Campaign Committee was not liable for the debt which they thus incurred, but that they were individually liable in varying amounts. These findings necessarily mean that the orders given and the purchases made were without the authority of that committee and were not ratified or confirmed by it. Our reading of the record satisfies us as to the correctness of this conclusion.
Appellant argues that acts of officers of an unincorporated association are acts of the association, and, under certain circumstances they are, but not under those here appearing where there were three committees, two of them for temporary purposes, and where the acts specified were for the benefit of those two. The defendant committee is an organization whose purpose is to elect *Page 356 
the Republican candidates after they are nominated at primary elections, not an organization to carry on in the primaries. This is not a case where the association sought to be charged received the benefits of the acts of those who were its officers, in which instances it has been held that the association may not hold on to the benefits and repudiate the authority of its officers as in MacGeorge v. Chemical Co.,141 Pa. 575, and in the cases from other jurisdictions cited in the briefs. Here the materials claimed for were not received by appellee, but by the other two committees.
Admitting the fact that the three officers named were acting in the transactions as agents, the real question is, whose agents were they, and the record discloses that, in the dealing here in question, they were not agents of the committee now sought to be charged.
Some reliance is placed by appellant upon a letter which he received purporting to confirm a telephone conversation relative to the purchase of a sign for the headquarters of the Hadley-Campbell Committee. Just with whom the telephone conversation was held is not altogether clear. The letter is signed in typewriting "Republican Campaign Committee" not "Republican Central Campaign Committee," although written on the latter's letter head and beneath the typewritten signature are the initials "E. L. T." in lead pencil. These were the initials of a stenographer employed in the headquarters of the appellee. She was not produced as a witness (it was said she was out of the country) and no authority was established in her to bind the appellee. Some doubt was thrown on the authenticity of this letter by the testimony of Harry C. Davis. We think no reliance can be placed upon this piece of evidence in establishing plaintiff's claim against appellee.
It is argued that because plaintiff had been furnishing materials in past years on the orders of the executive officers of appellee for which he had been paid by appellee that he could rely upon their apparent authority *Page 357 
in the instant transactions. We cannot assent to this unless it appeared, which it does not, that the conditions were the same. The two primary committees were presumptively liable for purchases for their benefit and it would take some affirmative action by the members of appellee committee to make its treasury or its members responsible under the circumstances which are here presented. The officers might well be personally liable for what they purchased for an undisclosed principal: Franklin Paper Co. v. Gorman, supra; Restatement of Agency, sections 321-322. But it is a very different thing to fix liability on appellee or its members without some action by them assuming responsibility. Appellant suggests that no member of the appellee was called to show lack of authority in the Davises or Hazlett. Appellee was not required to show this to prevent recovery; the burden rested on appellant of showing at least some sort of authority from the committee in the persons named to charge the committee before his right of recovery could exist.
The chancellor found as a fact that "The Republican Central Campaign Committee did not, either directly or indirectly, order any materials furnished or work done by the plaintiff upon any of the dates set forth in the bill of complaint and appearing on the exhibits offered by the plaintiff. It never authorized anyone for or on its behalf to order work done or materials furnished by the plaintiff on the aforesaid dates, and at no time whatsoever ratified, approved or confirmed any orders or approvals for work done and materials furnished to anyone or upon the order of anyone in and during the primary election campaigns held in the years 1929 and 1930." This finding has the force and effect of the verdict of a jury, and, as there was evidence to support it, it will not be disturbed on appeal: Glenn v. Trees, 276 Pa. 165; Himrod v. McFayden,283 Pa. 103. This finding is determinative of appellant's case.
The decree is affirmed at appellant's cost. *Page 358