## Myers v. United Utility Workers of America

*J. L. Seesholtz*, for plaintiff.

*J. C. McCready* and *R. M. Bashore*, for defendant.

HOUCK, J., December 9, 1935.—The referee found that claimant was employed as an organizer for the United

Utility Workers of America; that he was injured while in the course of his employment on March 27, 1934; and that his injuries totally disabled him until May 16, 1934. Defendant's contentions are that claimant was not an employe of defendant and that no competent evidence was produced to establish that he was.

There is no proof of the fact and no finding of fact on the point, but it seems to be conceded that defendant is an unincorporated association. According to claimant's proof, the contract of employment was made by a number of defendant's officers. His case rests entirely on the testimony that these officers engaged his services. The bylaws of the association were not produced, nor was any other evidence produced to show the extent of the officers' authority. It was not shown that the association by resolution or otherwise engaged claimant's services or ratified the act of the officers in employing claimant. Under these circumstances, there is a lack of proof to support the finding of fact that claimant was an employe of defendant.

It will be noted that the claim is against the unincorporated association itself. The members of the association who made the contract might be personally liable to claimant: Ridgely v. Dobson, 3 Watts & S. 118; Ash et al. v. Guie, to use, etc., 97 Pa. 493. However, the claim is not against them and no complaint is made respecting the form of the action. In other words, no contention is made that defendant, the association, cannot be sued as such. It is clear that the association cannot be held liable unless it bound itself or was bound by properly authorized agents.

The board relied on the principle that the officers are presumed to have authority to make any contract within the scope of the association's business. This is true where the association is a business enterprise. In such cases, the law of partnerships is applicable. Where the association is not a business enterprise, the law of agency applies:

"If, on the other hand, an association is formed, not for profit, but for moral, social, benevolent, literary, scientific, political, recreative, or other like purpose, its liability upon contracts made by its officers or committees depends upon the principles of the law of agency; and authority to create such a liability will not be presumed or implied from the existence of a general power to attend to or transact the business, or to promote the objects for which the association was formed, except where the obligation contracted is necessary for the preservation of the society, or where the fund for payment of the obligation has already been provided": 5 C. J. 1349, 1350, §55; see also Franklin Paper Co. v. Gorman, 76 Pa. Superior Ct. 276, 280; Dunlap Printing Co. v. Ryan et al., 275 Pa. 556, 561.

Unincorporated trade unions fall within this class and are governed by the same law:

"As in the case of the officers of voluntary associations generally, or beneficial associations particularly, the extent of the authority of the officers of a trade union. to bind the trade unions depends on the constitution, by-laws, or rules of the particular organization; and sometimes on special instructions issued by the union to its officers": 63 C. J. 677, §36.

The burden is on claimant to show that defendant's officers were authorized to make a contract of employment on behalf of the association. In the absence of any presumption, there is no proof of this fact. Consequently, the referee's finding of fact that claimant was an employe of defendant is not supported by the evidence. The record must be remitted to the compensation board to afford claimant an opportunity to supply the necessary proof.

And now, December 9, 1935, the award of the Workmen's Compensation Board is reversed, and the record is remitted to the board for further hearing and determination in accordance with the views expressed in this opinion.