Bloom, Appellant, *v.* Vauclain et al.

461

Argued January 25, 1938. Before KEPHART, C. J., SCHAFFER, STERN and BARNES, JJ.

*Morris Linton,* with him *Howard A. Silver,* for appellant.

*John Russell, Jr.,* with him *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 21, 1938:

Appellant supplied printed matter, "campaign cards," to persons representing themselves as officers of the "Davis–Brown Campaign Committee," an alleged politi-

cal organization functioning during the State election of 1930. Appellee Vauclain did not personally authorize this work to be done, and the burden was therefore on appellant to show that the purchases were made by the agents of appellee, with his authority. It appeared that appellee was treasurer of the so-called campaign committee and appellant endeavored to show he assented to the purchases. There was no doubt that some sort of a committee existed, but to affix liability on an officer, or one or all of its members, for acts done in its name, it must appear that it existed in some form of a substantial nature, not merely as a loosely formed, voluntary association as this committee appeared to be. Some members were unacquainted with other members, it had no by-laws, and nothing indicates that it held regular meetings or gave authority to anyone to act. Persons dealing with such an organization must do so with the understanding that they run a great risk in finding anyone, other than the one who gave the order, who is legally responsible for bills. Here appellee served as treasurer at the request of a friend of one of the candidates, and held the position by mutual consent rather than election. His duties were merely those of a custodian of campaign contributions, disbursing them upon vouchers signed by the chairman and publicity director. He had no authority to order printing to be done, and could not be held liable for the orders of the publicity director, any more than a candidate could be held liable where he had no part in authorizing the work done. The finding of the court below that appellee took no active part in the campaign and had no control over its conduct, is well substantiated by the record.

The principles of law governing the responsibility of candidates and officers of such committees have been before the courts, and in all cases we have adhered to the rule laid down for voluntary associations. The mere fact that one is a candidate, an officer or a member of a political organization does not, of itself, establish his

liability, personally or otherwise, for debts incurred by that organization. In *Franklin Paper Co. v. Gorman,* 76 Pa. Super. Ct. 276, at 280, it was stated: "Voluntary associations, for . . . political . . . purposes, . . . are not partnerships, nor have their members the powers and responsibilities of partners. The officers, or a committee, or any number of members of such a party have no right to contract debts which will be valid against every member of the party, or of the committee, from the mere fact that he is a member of the party, or of the committee. But those who make a contract, not forbidden by law, are personally liable, and all are included in such liability who assented to the undertaking." See also *Dunlap Printing Co. v. Ryan et al.,* 275 Pa. 556. The liability of such members must be based upon principles of agency, and it must be shown that they, as principals, either authorized the transaction or personally held themselves out as being responsible for the obligation incurred. This cannot arise by inference from the mere fact of membership or candidacy, but must be based on actual authorization, assent or ratification: *Ridgely v. Dobson,* 3 W. & S. 118; *Ash et al. v. Guie,* 97 Pa. 493.

Appellee was not consulted regarding the purchase of cards, and, even if he knew they were being purchased, that fact could not be used as the basis for a presumption that he assented and would be personally bound therefor: *McCabe v. Goodfellow,* 133 N. Y. 89, 30 N. E. 728. See also *Humphrys v. Republican Central Campaign Committee,* 320 Pa. 353.

There was no proof that appellee ratified the contracts involved so as to impose individual liability on him. It is true that certain of the bills rendered by appellant to the Davis–Brown Committee were paid by the checks of appellee as treasurer of the funds entrusted to his care, but that fact is of no significance in ascertaining ratification. In the conversations which occurred between appellant and appellee after the close

of the campaign there is nothing which could be construed as a ratification or an adoption of these contracts so as to affix defendant with personal liability. He merely recognized the bills as proper claims against the fund which he held, and such promises as he made were that they should be paid, not by him or out of his own pocket, but from the moneys entrusted to his care to meet campaign expenses. Appellee's position was very similar to that of a stakeholder for the interested parties.

It has not been shown that the committee, as a committee, by resolution or otherwise ever authorized the making of these contracts and appellee could not ratify for the committee. See *Humphrys v. Republican Central Campaign Committee,* supra. It is doubtful if he could have assumed these contracts personally, for they were not made for his benefit nor on his behalf: *Edwards v. Heralds of Liberty,* 263 Pa. 548; *Pittsburgh & Steubenville R. Co. v. Gazzam,* 32 Pa. 340; Restatement, Agency, Sections 82, 85(1).

The case of *Irwin v. McCullough,* 97 Pa. Super. Ct. 602, cited by appellant, does not conflict with the conclusion here reached. There suit was brought on a note signed by the defendants as officers of the Democratic State Committee. The only defense raised was that the officers had made the note as agents of a disclosed principal, and judgment was entered for want of a sufficient affidavit of defense.

After a careful review of the record, it is clear that the court below was correct in directing a verdict for appellee and in refusing to grant a new trial.

Judgment affirmed.