# Kerr v. New Castle Area School District

*Alfred V. Papa,* for plaintiff.

*Solomon & Solomon* and *Sherman Levine,* for defendants.

HENDERSON, P. J., February 18, 1972.—This action was commenced by a complaint in assumpsit in which plaintiff, a school teacher employed by defendant, filed suit for compensation for 18 days of teaching allegedly due to him under his contract with defendant. Plaintiff was one of the teachers in the New Castle Area School District who did not actively participate in an illegal teachers' strike which began on April 30, 1970, and lasted for a period of 18 school days. Rather, he reported to work each day of the

strike, taking his place in his empty classroom. All students and teachers had been notified by the superintendent of schools and by the school board that the schools would not reopen until the controversy had been resolved. In spite of these instructions, plaintiff reported each school day. At the expiration of the strike, the 18 school days of the strike period were made up by extending the school year an additional 18 days in the spring of 1970. Plaintiff has been compensated for the complete school year, but now alleges that he is entitled to the additional sum of $1,026 for the days during the strike period when he reported to his classroom.

Defendant filed an answer to this complaint, which denied liability on two grounds. In addition, defendant brought the New Castle Area Education Association, the striking teachers' organization, into the action as additional defendant. It was argued that additional defendant caused plaintiff's loss by interfering with the existing contractual relationship between plaintiff and defendant. Additional defendant filed preliminary objections in the nature of a demurrer to the complaint filed against it. This is the matter presently before the court.

Additional defendant's demurrer is based, in part, on the allegation that the amnesty section of Act 195 of 1970 relieves additional defendant of any liability.

It is alleged in the complaint that additional defendant is an unincorporated association. As such, if there is liability against the association, then some of the members of such association would be individually liable also, since they actively participated in carrying on the strike: Wortex Mills, Inc. v. Textile Workers Union of America, 380 Pa. 3 (1954); Patterson v. Wyoming Valley District Council, 31 Pa. Superior Ct. 112, 109 A.2d 815; Lawlor v. Loewe, 235 U.S. 522,

535; Bloom v. Vauclain, 329 Pa. 460, 198 A. 78; Dunlap Printing Co. v. Ryan, 275 Pa. 556, 119 A. 714. It is clear, however, that the amnesty section of Act 195 of 1970, which states that "any penalties or other limitations currently in force or presently pending against any public employees, shall be deemed null and void" (Act of July 23, 1970, P.L. 563 (No. 195), art. XXII, sec. 2201, 43 PS §1101.2201), would effectively relieve any individual members of the association from personal liability. If no penalties or personal liabilities can be imposed against any teacher or teachers because of their participation in the strike, it follows that they cannot be held liable collectively in that the result of collective liability would make each teacher who participated in the strike personally liable, a result which the amnesty act forgave. If the position taken by defendant in its complaint against additional defendant is correct, then it would follow that a striking teacher may, in effect, be sued for damages by any teacher who refused to participate.

The complaint against additional defendant specifically alleges that the members of additional defendant, in concert, conspired to do an unlawful act, i.e., engage in an unlawful strike. As we understand the amnesty provisions of the act, such provisions were enacted to specifically forgive any and all penalties and limitations that flow solely from the employes' act of withholding their services. It was the direct penalties for engaging in a strike that the legislation was intended to declare void. Further, it is clear that an action such as the instant one would not lie under the new provisions, since strikes are permitted in some situations under the new act. The only logical conclusion is that "penalty" includes the possibility of civil liability from this strike. This is not

to say that liability from all civil acts relating to a strike are made void. Here, however, the action upon which liability is premised is the very action for which amnesty was granted.

Therefore, on this ground, we would be obliged to sustain additional defendant's demurrer to the complaint against it. Procedurally, this would not affect plaintiff's complaint against the school district. However, additional defendant's demurrer raises another issue vital to plaintiff's cause of action against either defendant or additional defendant. A demurrer searches the record: 29 P.L.E. 440, §126.

Additional defendant demurs on the ground that since plaintiff's complaint does not state a cause of action against defendant, then no liability arises against additional defendant on the complaint filed against it.

Additional defendant's position herein is based on the statutory provision which severely limits those situations in which payment of salaries are permitted when teachers are prevented from rendering service. Defendant's answer and new matter had also specifically pled this defense. Under the Act of March 10, 1949, P. L. 30, art. XI, sec. 1121, as amended, 24 PS §11-1121, all teachers' contracts are subject to the provisions of the Public School Code of 1949, as amended.

The sole portion of the applicable code which would apply, 24 PS §11-1153, reads as follows:

"When a board of school directors is compelled to close any school or schools on account of contagious disease, the destruction or damage of the school building by fire or other causes, the school district shall be liable for the salaries of the teachers of said school or schools for the terms for which they were engaged. Whenever a teacher is prevented from fol-

lowing his or her occupation as a teacher, during any period of the school term, for any of the reasons in this section specified, the school district shall be liable for the salary of such teacher for such period, at the rate of compensation stipulated in the contract between the district and the teacher, in addition to the time actually occupied in teaching by such teacher."

This statutory provision, that payment of salaries must be made in certain cases where the teacher is available but is prevented from rendering teaching service, by its own terms applies only to those situations in which the school is closed because of contagious disease or the school is destroyed or damaged. Nowhere do we find that payment of salaries is authorized or mandated in those cases where the schools are closed as a result of a strike.

In interpreting this statute, we follow the principle frequently applied: "expressio unius est exclusio alterius." This is a well-established canon of interpretation which holds that the mention of one thing in a statute implies the exclusion of others not expressed: Fazio v. Pittsburgh Railways Co., 321 Pa. 7 (1936); St. Paul Mercury Indemnity Co.'s Appeal, 325 Pa. 535 (1937); Scott Township Appeal, 388 Pa. 539 (1957); Cali v. Philadelphia, 406 Pa. 290 (1962); Pane v. Department of Highways, 422 Pa. 489 (1966). Since the legislature expressly authorized, empowered and made the school district liable for teachers' salaries in specified instances, it has thereby clearly voiced its intention to deny such payment or school board liability in all other instances.

"The maxim is not of universal application, but is to be applied only as an aid in arriving at intention and not to defeat the apparent intention": Fazio v. Pittsburgh Railways Co., infra. We determine that

the maxim should be applied in the case at bar, particularly since this determination conforms to the general intent of the entire statute.

Therefore, since the code itself restricts the payment of teachers' salaries, where the teacher is prevented from rendering teaching services, to situations other than that presented in the case at bar and since, as we have said, the demurrer does search the record, therefore, we must hold that plaintiff has not set forth a recoverable cause of action. If plaintiff has not alleged a recoverable cause of action against defendant, then the complaint against additional defendant must fall.

We would approve of plaintiff's persistent refusal to participate in the obviously unlawful activity. However, in view of the legislative enactments mentioned herein, we find no method by which he might obtain financial recompense therefor.

### ORDER OF COURT

Now, February 18, 1972, it is hereby ordered that additional defendant's preliminary objections are hereby sustained, and it is further ordered that judgment in this action be entered in favor of additional defendant.